C. E. MILLER'S ADMR. *v.* C. E. MILLER'S CREDITORS.

**Executors and Administrators—Duty to Have all Parties Interested Brought Before the Court—Process.**

Though service of process upon infant heirs is irregular, a judgment in favor of creditors wil deprive them of no right which they may have as against them.

**Same—Appeal and Error.**

The administrator, who duty it was to have the process properly served, could not take advantage of this error on appeal.

**Same—Refunding Bonds of Creditors.**

Section 471 Civil Code does not require an administrator to take refunding bonds from creditors, whose claims he may settle, thereunder.

APPEAL FROM MARSHALL CIRCUIT COURT.

February 25, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The service of process on the infant defendants, the heirs of C. E. Miller, as shown by the sheriff's return, was irregular and may not have had the effect of bringing them legally before the court, but if the administrator, whose business it was to have all necessary parties duly summoned, could take advantage of this error under any circumstances, as the personal estate distributed seems to have been deficient for the payment of the debts, and the judgment deprives the heirs of no right which they could retain as against the crediotrs, the irregularity is not a cause of reversal on the appeal of the administrator.

The order directing the commissioner to advertise the time of his sitting to hear proof of claims, was we think, a sufficient compliance with section 467 of the Civil Code, in that respect. And the objection is not tenable that refunding bonds were not required of the creditors and officers of the court. Clearly the requirements of section 471 of the Code do not apply to them, but to

distribution and legatees entitled to the personal estate after the payment of debts.

The judgment is *affirmed*.

*Bigger & Moss, for appellant.*

*Riley, for appellee.*